UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEY ROBBINS, Individually and as
Personal Representative of the Estate of
WARD ROBBINS,                                    Case No.: 8:2023-cv-01723-KKM-AAS

     Plaintiff,

vs.

AIR & LIQUID SYSTEMS CORP., *et. al*,

     Defendants.

_____

## REDCO CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, REDCO CORP. f/k/a CRANE CO. ("Defendant"), hereby answers the Second

Amended Complaint ("Complaint"), filed by ASHLEY ROBBINS, Individually and as Personal

Representative of the Estate of WARD ROBBIN ("Plaintiff"), and asserts affirmative defenses, as

follows:

## THE PARTIES

1.     Defendant is without sufficient knowledge as to the allegations contained in

paragraph 1, which are therefore denied.

2.     Defendant denies the allegations contained in paragraph 2 to the extent they relate

to this Defendant, and is without knowledge as to the remaining allegations, which are therefore

denied.

3.     Defendant denies the allegations contained in paragraph 3 to the extent they relate

to this Defendant, and is without knowledge as to the remaining allegations, which are therefore

denied.

4.      Defendant denies the allegations contained in paragraph 4 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

5.      Defendant denies the allegations contained in paragraph 5 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

6.      Defendant denies the allegations contained in paragraph 6 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

7.      Defendant denies the allegations contained in paragraph 7 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

8.      Defendant denies the allegations contained in paragraph 8 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

9.      Defendant denies the allegations contained in paragraph 9 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

10.      Defendant admits that it is a corporation existing under the laws of the State of Delaware. Defendant denies all remaining allegations of paragraph 10.

## **JURISDICTION OF VENUE**

11.     Defendant denies the allegations contained in paragraph 11 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

12.     Defendant denies the allegations contained in paragraph 12 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

13.     Defendant denies the allegations contained in paragraph 13 including all sub-parts thereof (a-k) to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

14.     Defendant denies the allegations contained in paragraph 14 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

15.     Defendant denies the allegations contained in paragraph 15 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

## **FACTS**

Defendant realleges its responses to the allegations contained in all relevant paragraphs as if fully stated herein.

16.     Defendant denies the allegations contained in paragraph 16 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

17.    Defendant denies the allegations contained in paragraph 17 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

18.    Defendant denies the allegations contained in paragraph 18 including all sub-parts thereof (a-i) to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

19.    Defendant denies the allegations contained in paragraph 19 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

20.    Defendant denies the allegations contained in paragraph 20 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

Defendant denies that the Plaintiff are entitled to any of the relief prayed for in the prayer for relief immediately following paragraph 20.

## COUNT I: NEGLIGENCE AGAINST ALL DEFENDANTS

Defendant realleges its responses to the allegations contained in all relevant paragraphs as if fully stated herein.

21.    Defendant denies the allegations contained in paragraph 21 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

22.    Defendant denies the allegations contained in paragraph 22 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

23.     Defendant denies the allegations contained in paragraph 23 to the extent they relate to this Defendant, and is without knowledge as to the remaining allegations, which are therefore denied.

24      Defendant denies the allegations contained in paragraph 24 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

25      Defendant denies the allegations contained in paragraph 25 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

26.     Defendant denies the allegations contained in paragraph 26 including all sub-parts thereof (a-e) to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

27.     Defendant denies the allegations contained in paragraph 27 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

28.     Defendant denies the allegations contained in paragraph 28 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

Defendant denies that the Plaintiff are entitled to any of the relief prayed for in the prayer for relief immediately following paragraph 28.

## COUNT II: STRICT LIABILITY AGAINST ALL DEFENDANTS

Defendant realleges its responses to the allegations contained in all relevant paragraphs as if fully stated herein.

29.    Defendant denies the allegations contained in paragraph 29 including all sub-parts thereof (a-c) to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

30.    Defendant denies the allegations contained in paragraph 30 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

31.    Defendant denies the allegations contained in paragraph 31 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

32.    Defendant denies the allegations contained in paragraph 32 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

33.    Defendant denies the allegations contained in paragraph 33 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

34.    Defendant denies the allegations contained in paragraph 34 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

35.    Defendant denies the allegations contained in paragraph 35 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

36.     Defendant denies the allegations contained in paragraph 36 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

37.     Defendant denies the allegations contained in paragraph 37 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

38.     Defendant denies the allegations contained in paragraph 38 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

Defendant denies that the Plaintiff are entitled to any of the relief prayed for in the prayer for relief immediately following paragraph 38.

## COUNT III: WRONGFUL DEATH AGAINST ALL DEFENDANTS

Defendant realleges its responses to the allegations contained in all relevant paragraphs as if fully stated herein.

39.     Defendant denies the allegations contained in paragraph 39 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

40.     Defendant denies the allegations contained in paragraph 40 including all sub-parts thereof (a-g) to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

41.     Defendant denies the allegations contained in paragraph 41 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

42.     Defendant denies the allegations contained in paragraph 42 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

43.     Defendant denies the allegations contained in paragraph 43 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

44.     Defendant denies the allegations contained in paragraph 44 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

45.     Defendant denies the allegations contained in paragraph 45 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

Defendant denies that the Plaintiff are entitled to any of the relief prayed for in the prayer for relief immediately following paragraph 45.

## COUNT IV: LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

Defendant realleges its responses to the allegations contained in all relevant paragraphs as if fully stated herein.

46.     Defendant denies the allegations contained in paragraph 46 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

47.     Defendant denies the allegations contained in paragraph 47 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

48.     Defendant denies the allegations contained in paragraph 48 including all sub-parts thereof (a-c) to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

49.     Defendant denies the allegations contained in paragraph 49 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

Defendant denies that the Plaintiff are entitled to any of the relief prayed for in the prayer for relief immediately following paragraph 49.

## PRAYER FOR RELIEF

Defendant realleges its responses to the allegations contained in all relevant paragraphs as if fully stated herein.

50.     Defendant denies the allegations contained in paragraph 50 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

51.     Defendant denies the allegations contained in paragraph 51 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

52.     Defendant denies the allegations contained in paragraph 52 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

53.     Defendant denies the allegations contained in paragraph 53 to the extent they relate to this Defendant and is without knowledge to either admit or deny those allegations as they relate to other defendants.

## DEMAND FOR JURY TRIAL

54.     Defendant admits that Plaintiff appears to request a demand for jury trial in paragraph 54 but neither admits nor denies that Plaintiff is legally entitled to such jury trial.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff' allegations fail to state a cause of action against Defendant.

### Second Affirmative Defense

Each and every cause of action is barred by the applicable statute of limitations.

### Third Affirmative Defense

Each and every cause of action is barred by the applicable statute of repose.

### Fourth Affirmative Defense

There are insufficient allegations to state sufficient facts to obtain venue over Defendant in Florida.

### Fifth Affirmative Defense

There is no connection between the Defendant's business activities in Florida, if any, and the alleged injuries.

### Sixth Affirmative Defense

This court lacks *in personam* jurisdiction over Defendant.

### Seventh Affirmative Defense

This case should be transferred pursuant to the *forum non conveniens* doctrine as enumerated in the Supreme Court's decision in *Kinney Sys. Inc. v. The Continental Ins. Co.*, 674 So. 2d 86 (Fla. 1996) and otherwise.

## Eighth Affirmative Defense

The Complaint must be dismissed for failure to state a cause of action because it fails to allege sufficient facts to establish that Plaintiff was exposed to asbestos fibers emanating from an identified asbestos-containing product manufactured or distributed by Defendant.

## Ninth Affirmative Defense

Any alleged exposure of Plaintiff to Defendant's product was so minimal as to be insufficient to establish, to a reasonable degree of medical probability, that such exposure to the product was a contributing cause of Plaintiff's injuries.

## Tenth Affirmative Defense

Defendant is entitled to a set-off for the amount of any monies paid to Plaintiff in settlement of claims with other parties.

## Eleventh Affirmative Defense

The Plaintiff have received or will receive collateral source benefits from collateral sources, as defined by Florida Statutes Section 768.76, and Defendant is entitled to a set off of all such sums paid.

## Twelfth Affirmative Defense

Plaintiff failed to join indispensable parties as defendants in this action.

## Thirteenth Affirmative Defense

The law of another state or jurisdiction is applicable in this action.

## Fourteenth Affirmative Defense

Defendant cannot be held jointly and severally liable with any other defendants in this action.

## Fifteenth Affirmative Defense

Plaintiff is barred from bringing this action under the doctrines of *res judicata* and/or collateral estoppel.

## Sixteenth Affirmative Defense

Defendant's products were not defective or unreasonably dangerous, and Defendant was not negligent in any respect, in light of the then existing state-of-the-art technology with respect to production, manufacture, sale and/or distribution of any asbestos containing product at the time of Plaintiff's alleged exposure.

## Seventeenth Affirmative Defense

Plaintiff' actions are barred, in whole or in part, in that the products manufactured by Defendant were manufactured in accordance with local, state and federal governmental specifications and standards, and said governmental entities had actual or constructive knowledge with regard to the alleged hazards of the products.

## Eighteenth Affirmative Defense

Any products that are alleged to have contained asbestos that were alleged to have been manufactured, distributed, sold and/or supplied or otherwise placed in the stream of commerce by Defendant were made so that the asbestos fibers were encapsulated in other material which would prevent the release of injury producing levels of such fibers based on the use of said product.

## Nineteenth Affirmative Defense

The products in question were changed, altered, or modified after they left Defendant's control, and such change, alteration or modification was the legal cause of Plaintiff' damages, if any.

### Twentieth Affirmative Defense

The law that applies to this action is the law in existence at the time of the alleged acts of Defendant alleged to be the cause of damages. Causes of action alleged by the Plaintiff based on theories of liability created after the date of the alleged acts of Defendant are not applicable to this action.

### Twenty-First Affirmative Defense

Defendant demands that Plaintiff be required to prove, according to the essential requirements of the law, each of the necessary elements to establish the alleged liability of Defendant and particularly to prove specifically that the damages claimed are legally caused by defects in Defendant's products and that Defendant's products were defective and was a proximate or direct material cause of injury to the Plaintiff. Any violation of this demand constitutes a violation of the equal protection and due process clauses of the U.S. Constitution, as well as the Constitution of the State of Florida.

### Twenty-Second Affirmative Defense

Plaintiff's injuries or damages were the result of concurrent or successive exposures, if any, and Defendant, if responsible for any of Plaintiff' damages, which is denied, should have its liability apportioned and limited to only those damages which it caused.

### Twenty-Third Affirmative Defense

Plaintiff willingly, knowingly and voluntarily assumed the risk of his injuries.

### Twenty-Fourth Affirmative Defense

Plaintiff's injuries, if any, were caused by his/ her own negligent conduct, or by the negligent conduct of another, and therefore Plaintiff are barred from recovery or, alternatively, barred from full recovery from Defendant.

### Twenty-Fifth Affirmative Defense

Plaintiff's own conduct and personal health care including the continuous use of tobacco, was the substantial, effective, intervening, and superseding cause of the injuries and damages complained of by Plaintiff.

### Twenty-Sixth Affirmative Defense

Plaintiff knew of the existence of the danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger, and having reasonable opportunity to avoid it, voluntarily exposed himself to said danger.

### Twenty-Seventh Affirmative Defense

The products and materials in question were abused, misused, and improperly used by the Plaintiff or others not under Defendant's control, and by reason thereof, Plaintiff are barred from recovery of damages.

### Twenty-Eighth Affirmative Defense

Defendant reasonably relied upon the sophisticated employers of Plaintiff and are not responsible for the failure of said employers to warn or take proper precautions with regard to the use of such products.

### Twenty-Ninth Affirmative Defense

Defendant reasonably relied upon the sophisticated labor unions of Plaintiff and are not responsible for the failure of said labor unions to warn or take proper precautions with regard to the use of such products.

### Thirtieth Affirmative Defense

Defendant is relieved of liability because other, intervening and superseding causes of loss, injury or damage alleged by the Plaintiff, including but not limited to the failure of labor unions

or employers to provide training and proper protective equipment to assure a safe work environment, or to warn workers of possible health hazards associated with exposure to asbestos, or the failure of other persons or entities having the immediate opportunity to prevent or warn of injury, but failed to do so.

### Thirty-First Affirmative Defense

Defendant cannot be held liable for Strict Liability under Florida law in that the Complaint fails to allege sufficient ultimate facts to identify any specific product of this Defendant and to establish the relationship of this Defendants to any specific product.

### Thirty-Second Affirmative Defense

Defendant cannot be held liable for Strict Liability in that the Complaint fails to allege specific ultimate facts to establish any allegedly defective and unreasonably dangerous condition of any product allegedly manufactured, distributed or sold by Defendant; specifically, the nature of the defects and when the product left Defendant's control.

### Thirty-Third Affirmative Defense

Defendant cannot be held liable for Strict Liability in that the Complaint fails to establish the existence of any proximate causal connection between the alleged defect and any product manufactured or sold by Defendant.

### Thirty-Fourth Affirmative Defense

Defendant cannot be held liable for Negligence, as Plaintiff' Complaint fails to allege sufficient allegations that Defendant owed a duty to the Plaintiff and that there was a breach of that duty.

### Thirty-Fifth Affirmative Defense

Plaintiff are barred from relying upon alternative theories of liability, including market share or enterprise liability, because the Plaintiff are unable to identify the asbestos-containing products of other manufacturers to which Plaintiff allegedly was exposed.

### Thirty-Sixth Affirmative Defense

The theories of alternative and/or enterprise liability do not apply in this case.

### Thirty-Seventh Affirmative Defense

Plaintiff's injuries and damages, if any, should be reduced proportionately to the probability that Plaintiff would have suffered the same injury or damages notwithstanding the alleged exposure to Defendant's products.

### Thirty-Eighth Affirmative Defense

Other persons or entities not a party to this action contributed to and/or proximately caused the damages, if any, to the Plaintiff, and thus any damages should be apportioned among all the parties solely based on that party's percentage of fault pursuant to Florida Statute § 768.81(3). In accordance with Florida Statute § 768.81(3) and *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), these Defendants reserve the right that these other entities or persons, whether parties or non-parties, appear on the verdict form so that a jury can apportion liability among all participants to the incidents which caused Plaintiff' damages. These Defendants seeks apportionment of any damages awarded in this case and will include some or all of the entities listed below on the jury verdict form in accordance with *Nash v. Wells Fargo Guard Servs.,* 678 So.2d 1262 (Fla. 1996). Entities that may be listed include, but are not limited to the following entities or persons named as defendants in Plaintiff' Complaint and Exposure Sheets, and any and all amendments or supplements thereto: American Optical Corporation; American Standard, Inc. f/k/a American

Radiator & Standard Sanitary Corporation; Ametek, Inc.; A.W. Chesterton Company; Bayer Cropscience, Inc. f/k/a Aventis Cropscience USA, Inc. Rhone Poulenc AG Company, Inc. f/k/a Union Carbide Agricultural Products, Inc. f/k/a Amchem Products, Inc.; Bigham Insulation & Supply Company; Bird, Inc.; Bondex International, Inc.; Certainteed Corporation; Champlain Cable Company, f/k/a Hercules, Inc.; Cleaver-Brooks, Inc.; Crown Cork & Seal Company USA Inc.; Duro-Dyne Corporation; Eastern Refractories Company, Inc.; EAFCO, Inc.; Elliott Turbomachinery Co., Inc.; Ericcson, Inc.; Flowserve Corporation f/k/a Durametallic; Foster Wheeler Energy Corporation; Garlock Sealing Technology f/k/a Garlock, Inc.; General Electric Company, Georgia Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc. a subsidiary of ITT Industries, Inc.; H.B. Smith Company, Inc.; Hanson Permanente Cement, Inc.; Hobart Brothers Company; Ingersoll-Rand Company; John Crane Inc.; Kaiser Gypsum Company, Inc.; Kelly-Moore Paint Company; Lake Asbestos of Quebec, Ltd.; Lincoln Electric Company; Metropolitan Life Insurance Company; Mobil Corporation; National Service Industries, Inc.; Owens-Illinois, Inc.; The Okonite Company; Rapid American Corporation; Republic Powdered Metals, Inc. (RPM, Inc.); Riley Stoker Corporation; Rockbestos Suprenant Cable Corporation; T H Agriculture & Nutrition, L.L.C.; The Carborundum Company, Inc., Union Carbide Corporation; Viacom, Inc.; Weil-McLain Company, Inc.; and Zurn Industries, Inc.

In addition and also pursuant to *Fabre,* any damages which may be awarded to the Plaintiff are subject to apportionment by the jury of the total fault of all participants, including but not limited to any and all non-defendant employers of Plaintiff including but not limited to those employers identified in Plaintiff' Exposure Sheets, and identified by Plaintiff or by Plaintiff' witnesses in any deposition taken in this action or to be taken in this action, specifically including,

but not limited to, the following employers: (1) Naval Air Station Oceana, Dam Neck, VA; 2) Naval Air Station, Key West, FL; 3) Merrill Stevens Shipbuilding, Jacksonville, FL; 4) USS Ethan Allen (SSBN-608); 5) USS Snowden (DE-246); 6) USS Clamagore (SS-343).

Furthermore and also pursuant to *Fabre*, any damages which may be awarded to the Plaintiff are subject to apportionment by the jury of the total fault of all participants, including but not limited to any and all manufacturers, suppliers, and/or distributors of products named or identified by Plaintiff in Plaintiff' Complaint and Exposure Sheets, any and all amendments or supplements thereto, and any and all manufacturers, suppliers, and/or distributors of products named or identified by Plaintiff or by Plaintiff' witnesses in any deposition taken in this action or to be taken in this action, specifically including but not limited to the following products, manufacturers, distributors, and/or suppliers: Ametek, Inc.; Beazer East, Inc. (Ind. and as s/i/I to Koppers Co.); Borg-Warner Corporation, (sued by its successor-in-interest Borg Warner Morse Tec, Inc.); BW/IP, Inc. (ind and as s/i/I to Koppers Co.); Cargill, Inc. (ind and as s/i/i to Mosaic Global Holdings, f/k/a IMC Global, Inc.); Caterpillar Global Mining, LLC; Chemtura, on behalf of Witco, Richardson Corp., Hercules Products Division of Chemprene and Hercules Packing Company; Cincinnati Valve Co. (as s/i/I to Lukenheimer); Detroit Stoker Co.; Valtek Inc., FMC Corp. (on behalf of Peerless Pump Division); Goodrich Corp.; Hercules, Inc., Honeywell Inc., Industrial Holding Corp.; Joy Technologies, Inc.; Milwaukee Valve Company; The Nash Engineering Company; Plastics Engineering Company; Saint Gobain Abrasives, Inc. (f/k/a Norton Company B Safety Products Division B USA Norton Company); Sepco Corp.; Trane U.S. Inc. (f/k/a American Standard, Inc. ind as s/i/I to Kewanee Boiler Corp.); Uniroyal Holding, Inc.; Viking Pump, Inc.; Afton Pumps, Inc., AO Smith Corporation, Azko Nobel Paints, LLC f/k/a The

Glidden Company, Bridgestone Americas Tire Operation, LLC, Copes-Vulcan, Inc., DAP, Inc., E.I. Du Pont De Nemours and Company, 3M Company, National Automotive Parts Association, Premix Marbletite Manufacturing Co., Tamko Building Products, Inc., Tamko Roofing Products, Inc., The Sherwin Richardson Company, Yarway Corporation; Wilsonart International, Inc., Air & Liquid Systems Corporation (successor by merger to Buffalo Pumps, Inc.), Alfa Laval, Inc. (sued individually and as successor-interest to DeLaval Separator Company and Sharples, Inc.), Armstrong International, Inc., Armstrong Pumps, Inc., BW/IP International, Inc. (sued individually and as successor-in-interest to Byron Jackson Pump Company), Cummins Inc., Emerson Electric Co. (sued individually and as successor-in-interest to Fisher Controls International, LLC), Fisher Controls International, LLC, Flowserve US, Inc. (sued as successor-in-interest to Edward Vogt Valve Co. and Byron Jackson Pump Company), Chicago Pump Company, Coffin Turbo Pump, Inc., H.S. White Company, Howden Buffalo, Inc. (successor-in-interest to Buffalo Forge Fan Company), Worthington Pump Co., L.O. Arringdale and Company, Inc., Nibco, Inc., Parker-Hannifin Corporation, Tayco, Inc., Tyco International, Inc., Thermoseal, Inc., Weir Valves & Controls USA, Inc., f/k/a Atwood & Morrill, ABB, INC. d/b/a ABB DE, INC. individually and as successor-in-interest to I-T-E Imperial Corporation and I-T-E Circuit Breaker Company, Gould Electronics Inc f/k/a Nikko Materials USA, Inc. individually and as successor-in-interest to I-T-E Imperial Corporation and I-T-E Circuit Breaker Company, Siemens Industry, Inc. individually and as successor-in-interest to Siemens Energy & Automation, Inc., A.O. Smith Water Products Co., Beazer East Inc., Carrier Corporation, Central Florida Lumber and Supply Co., Inc., Deere and Company, Eaton Hydraulincs, Inc., f/k/a and/or successor-in-interest to Vickers, Inc., Electrolux USA, Individually and as successor in interest to Frigidaire, Homasote Company, Kentile Floor Inc., Lennox Industries, Inc., Minnesota Mining and Manufacturing

Company, Navistar, Inc., Olympic Glove and Safety Co., Inc., Peerless Heater Company, a division of Peerless Industries, Inc., R.T. Vanderbilt Company, Inc., Rheem Manufacturing Company, Sears Holding Corp., individually and as successor in interest to Sears Roebuck Company, Amchem Products, Inc., Whirlpool Corporation, Whittaker Clark & Daniels Inc., Asco Valve, Inc., Autozone, Inc., A.P. Green, Allied Signal, Inc., A-Best Products Company, A.C. & S., Inc., f/k/a Armstrong Contracting and Supply, Artra Group (Synkoloid), Allis-Chalmers, Alstom Power, Inc., Amatex Corporation f/k/a America Asbestos Textile Corporation; Anchor Holdings, Inc., and its subsidiary, National Gypsum Company, Armstrong World Industries, Inc., Arvinmeritor, Inc., Asbestos Claims Management Corp., Asbestos Corporation Ltd., Atlas Asbestos, Atlas Corporation and subsidiaries, including Hidden Splendor Mining Company, Pacific Asbestos, Johnson Mines, National Asbestos Mines, Ltd, Atlas Adhesives, Bell Asbestos Mines, Ltd, CSR, Cape Asbestos Company, Ltd. and related companies North American Asbestos Corporation and Continental Producers Corporation, Cassiar Mines, Cassiar Mining Corporation Ltd., Cassiar Asbestos Corporation, and Cassiar Resources Ltd., Asbestos Spray Corporation, Asco Power Technologies, Asten, Inc., B & W Construction Company, and Diamond Power International, Inc., The Babcock & Wilcox, Co., Baldwin Ehret Hill, Keene Corp., Bethlehem Steel Corporation, Beazer East, Inc. f/k/a Koppers Company, Bigelow-Liptak Corporation, Briggs Stratton Corp., Brown & Richardsonon Tobacco Corp., Brunswick Fabricators, Inc., Burns and Roe, Inc., Burnham LLC, as successor to Burnham, Corp., Byron Jackson, CDC Corporation and Pabco, C.E. Thurston & Son, Inc., CAPCO Pipe Company, Canadian Johns-Manville, Carlisle Companies, Inc. through its subsidiaries Motion Control Industries, Inc., Carver Pumps, Inc., Cafco Pipe Company, Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon,

Philip Carey Company, Philip Carey Manufacturing Company and Smith & Kanzler, Circor International, Inc., Champlain Cable Company, Chicago Mastic Company, Chicago Pump Company, a subsidiary of Yeomans Chicago Corporation, Combustion Engineering, Inc., Combustion Engineering Corp., Congoleum Corporation, Cooper Industries, Inc., Crown Cork and Seal Co., Inc., Dow Chemical Company, DII Industries, f/k/a Dresser Industries, Dowman Products, Inc., Dana Companies LLC, f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company, Detroit Diesel Corporation, Dresser, Inc. through its subdivision/business unit Waukesha Engine, Durabla Manufacturing Company, Delaware Insulation a/k/a DI Distributors Inc., Philadelphia Asbestos Corporation, ECR International, Inc. as successor in interest to Utica Boiler, Inc., a/k/a The Utica Companies, Inc., Exxonmobil Oil Corporation, Eagle Pitcher Industries, E.J. Bartells Company, Eastco Industrial Safety Corporation, Fairbanks Morse Pump Corporation, Farrel Birmingham, Felt Products Mfg. Company (Fel-Pro), Ferodo America, Inc., Federated Development Company, as successor in interest to Pacific Steel Boiler, Ferro Corporation, Fireboard Corporation, Flintkote Corporation, Florida Seal & Rubber Co., Forty-Eight Insulations, Inc.; Fulton Boiler Works, Inc., Gardner Denver, Inc., Gardner Denver Nash, LLC, Fuller-Austin Insulation Company, GAF Corp., Gatke Corporation, G-I Holdings, Inc. and its predecessors in interest GAF Corporation and Rubberoid Company, General Refractories Company, Guard-Line, Inc., Greene Tweed & Co., Inc., H.B. Smith Company, Inc., H.B. Fuller Company, Imperial Industries, Inc., Individually and as Parent Company to Premix Marbletite Mfg. Co., and successor to Adobe Brick and Supply, Harbison-Walker Refractories Company, H.K. Porter Company, Inc., Hillsborough Holdings Corporation and its predecessors in interest, Jim Walters Industries, Celotex, and Panacon, Industrial Holdings Corporation f/k/a The Carborundum Company, Hobart Brothers Company,

Hollingsworth & Vose Company, JT Thorpe, Johns-Manville Sales Corporation, Johns-Manville Corporation, Joy Blobal Inc., f/k/a Harnischfeger Industries, Inc., Kaiser Aluminum, KCG, Inc., Keasby Mattison Company, Keene Corporation, successor in interest to Bladwin-Ehret-Hill, Kelsey-Hayes, Kewanee, Kellogg Brown & Root, Koppers Inc., Lennox Industries, Inc., The Liggett Group, Lipe Rollaway, Lykes Brothers Steamship, Lorillard Tobacco Co., Leslie Controls, Inc., Lincoln Electric Company, L & W Supply Corporation, M&H Automotive, Inc., M. H. Detrick, McLean Industries and First Colony Farms and their subsidiaries, U.S. Lines and United States Lines (S.A.), Mack Trucks, Inc., Maremont Corporation, McCord Corporation, individually and as successor in interest to A.E. Clevite, Inc. and J. P. Industries, Inc., Morton International, Inc., Moog Automotive (Wagner Brake Products), Muralo Company (including Synkoloid) and its affiliate, Norton & Son of California, Inc., National Service Industries, Inc., National Gypsum Company, Mundet, North Brothers, Nicolet, Inc., North American Refractories Corporation (NARCO), Oakfabco, Inc., Oshkosh Truck Corp., Owens Corning Corporation, and its subsidiaries and predecessors in interest, including, but not limited to, Fibreboard Corporation (f/k/a Plant Rubber & Asbestos Works), Owens-Corning Fiberglas Technology, Inc., Owens Corning Fiberglass, Inc., Pacor, Inc., Prestolite Performance, parent of or d/b/a Mr. Gasket Co., Inc., Patterson Pump Company, a subsidiary of Gorman-Rupp Company, Pfizer, Inc., Peerless Industries, Inc., individually as successor to Peerless Heater Co., and EAFCO, Inc., Permalastic Products Company, Phillip Morris, Inc., Pittsburgh Corning Corp., Pittsburgh Corning Corporation, Pfizer, Inc., Phillip Carey Mfg. Co., Phillip Carey Corp., Plibrico Company, Porter-Hayden Company and its predecessors, H.W. Porter & Company, Inc., and Reid Hayden, Inc., Prudential Lines, Inc., Powhatan Mining Company, Pacor, Inc. a/k/a Philadelphia Asbestos Corporation, Pacor Material Supply Company, Pratt & Whitney, Proko Industries, Inc., Quigley

Co., Inc., Premier Refractories, Inc., a/k/a J.H. France Refractories Company, R&M Manufacturing Company, R.W. Beckett Corporation, Raybestos Manhattan, Inc., Raymark Industries, Inc. f/k/a Raybestos-Manhattan and Raytech Corporation, as successor in interest to Raymark Industries, f/k/a Raybestos-Manhattan; Raymark Corporation, Raymond Bowl Mills, Rechtien International Trucks, Inc., R.J. Reynolds Tobacco Company, Rock Wool Manufacturing Company, Rutland Fire Clay Company, Sealing Equipment Products, Inc., a/k/a SEPCO, SPX Corporation, individually and as successor to Dezurik, Inc., Shook and Fletcher, Skinner Engine Company, Steel Grip, Inc. f/k/a Industrial Gloves, Co., f/k/a Steel Grip Safety Apparel Co., Swan Transportation and subsidiary Tyler Pipe Industries, Standard Asbestos & Insulation, Standard Insulations, Inc., Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company, Stradley Auto Parts, Sterling Fluid Systems (USA) LLC, T&N Plc, TH Agriculture & Nutrition, L.L.C., as successor-in-interest to Thompson-Hayward Chemical Company, T&N Plc (including Turner & Newall, Turner Asbestos Fibres Company, and other T &N subsidiaries), Trac Regulator Co., Inc., parent to or d/b/a Atlas Valve Co., York-Shipley Global, Velan Valve Corporation, Todd Shipyards, UNR Industries, Inc., and related companies, including Union Asbestos and Rubber Company a/k/a UNARCO; USG Corporation and subsidiaries United States Gypsum Company, USG Interiors and Beadex Manufacturing, LLC, Uniroyal, Inc., United Gilsonite Laboratories, Universal Refractories, Inc., U.S. Mineral Products Co., Unarco, United States Gyspum, United States Mineral Products Company, Velbesto and Beater Addition, Ventafabrics, Inc., Washington Group International, f/k/a Morrison Knudsen, Waterman Steamship Corporation, Western Macarthur f/k/a Western Asbestos, Wallace & Gale Company, Wheeling Brake Block Manufacturing Co., Inc., W.R. Grace and Company and its affiliated companies, the Zonolite Company, and W.R. Grace as its successor

in interest, Worthington Corporation, W.R. Grace & Co., Vogt Power International, Inc. and Smurfit-Stone Container Enterprises, Inc. and other manufacturers, distributors, and/or suppliers that were previously identified by Plaintiff, any manufacturers, distributors, and/or suppliers of products of the type identified by Plaintiff, any manufacturers, distributors, and/or suppliers that were previously defendants to this action buy have been dismissed, and manufacturers, distributors, and/or suppliers that are currently defendants to this action but are subsequently dismissed.

Accordingly, these Defendants are entitled to an apportionment of damages pursuant to Florida Statute § 768.81 and *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993) for the strict liability of the above-named entities. Defendants reserve the right to amend in order to identify such parties or non-parties to be included on the verdict form pursuant to *Nash v. Wells Fargo Guard Services, Inc.,* 678 So.2d 1262 (Fla. 1996).

### Thirty-Ninth Affirmative Defense

Plaintiff's injuries, if any, are due to the acts or omissions of persons over whom these Defendants had neither control nor the right to control, therefore the Plaintiff are barred from recovery against these Defendants.

### Fortieth Affirmative Defense

To the extent that the Plaintiff' Complaint seeks exemplary or punitive damages, or seeks to "reserve" any claim for exemplary or punitive damages, said Complaint fails to state a cause of action pursuant to Florida law.

### Forty-First Affirmative Defense

Plaintiff may not seek and/or recover punitive damages, as Plaintiff have failed to comply with Florida Statutes, Section 768.72, which prohibits the pleading of claims for punitive damages

in initial complaints in the absence of a showing by evidence in the record that would provide a reasonable basis for recovery of such damages.

### Forty-Second Affirmative Defense

Punitive damages are inappropriate in multiple Plaintiff' industry-wide litigation and should not be awarded.

### Forty-Third Affirmative Defense

The causes of action may not be brought in the State of Florida, and the Complaint must therefore be dismissed, because the Plaintiff are not domiciled in the State of Florida and/or the exposure to asbestos that is a substantial contributing factor to the alleged physical impairment of Plaintiff did not occur in the State of Florida.

### Forty-Fourth Affirmative Defense

The alleged injuries and/or damages of which Plaintiff complains arose in whole or in part from one or more other causes or circumstances, including but not limited to, smoking, to the extent that Plaintiff used tobacco or was exposed to tobacco smoke, and not as a result of any exposure to any products manufactured, sold, or supplied by Defendants.

### Forty-Fifth Affirmative Defense

Defendants invoke any and all applicable provisions of Florida's Asbestos and Silica Compensation Fairness Act of 2005, found at §§774.001-774.209 of the Florida Statutes.

### Forty-Sixth Affirmative Defense

If it is shown that Plaintiff used any product manufactured, sold or supplied by Defendants, which is specifically denied, and if it is shown that such product was supplied to, by or on behalf of the United States Government, then Defendant may raise any immunity from suit or liability conferred upon the United States Government and/or Defendant, which may arise under the circumstances.

### Forty-Seventh Affirmative Defense

Defendant cannot be held liable for failing to recall all of Defendant's alleged asbestos-containing products from the stream of commerce and the marketplace as Florida law does not recognize a duty to remove and recall products from the market place post-sale. *See Baker v. Firestone Tire & Rubber Company*, 793 F.2d 1196, 1200 (11th Cir. 1986).

### Forty-Eighth Affirmative Defense

Defendant cannot be held liable for "affirmatively misrepresenting" as Plaintiff' Complaint fails to allege misrepresentation of fraud with particularity pursuant to the Fla. R. Civ. P. 1.120(b).

### Forty-Ninth Affirmative Defense

Plaintiff may not seek a claim and/or recover damages for "increased risk of developing other cancers" and a "traumatic fear of an increased risk of additional asbestos-cause or related disease, including, but not limited to, other forms of cancer not yet diagnosed, as these claims are not compensable under Florida Statute § 774.206(2).

### Fiftieth Affirmative Defense

Defendants cannot be held liable for negligent failure to warn by failing "to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing asbestos materials" as Florida law does not impose that duty on a manufacturer. *Ferayonrni v. Hyundai Motors Co.,* 711 So. 2d 1167, 1172 (Fla. 4th DCA 1998).

### Fifty-First Affirmative Defense

Defendant cannot be held liable for strict products liability failure to warn by failing to provide Plaintiff with "proper respirators to protect users and/or bystanders" as this specific allegation exceeds this Defendants' duty to warn of known particular risks at the time of sale.

*Griffin v. Kia Motors Corp.,* 843 So. 2d 336, 339 (Fla. 1st DCA 2003)(quoting *Ferayonrni,* 711 So.2d at 1172 (quoting *Anderson v. Owens-Corning Fiberglas Corp.*, 810 P.2d 549, 558 (1991).

<u>**Fifty-Second Affirmative Defense**</u>

Plaintiff's allegations of and references to "gross negligence" and "willful omissions" should be stricken pursuant to Fla. R. Civ. P. 1.110(b) and 1.140(f) as such suggestions, unsupported by any ultimate facts, are immaterial, and mere legal conclusions. This language has no legal basis and serves no legal purpose and should be stricken.

<u>**Fifty-Third Affirmative Defense**</u>

Defendant adopts by reference all Motions to Dismiss and/ or Strike and Affirmative Defenses filed by all other defendants where applicable.

Dated: March 25, 2024                           Respectfully submitted,

*/s/ Alejandra D. Gonzalez*
Alejandra D. Gonzalez, Esq.
Florida Bar No.: 1035938
alejandra.gonzalez@klgates.com
**K& L GATES LLP**
200 S. Biscayne Boulevard
Suite 3900
Miami, Florida 33131
Tel.: (305) 539-3300
Fax: (305) 358-7095
***Attorneys for Defendant Redco Corp.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 25, 2024, a true and complete copy of the foregoing was electronically filed via CM/ECF system which will send a notice of electronic filing to all Counsel of Record.

*/s/ Alejandra D. Gonzalez*
Alejandra D. Gonzalez, Esq.
