IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ASHLEY ROBBINS, Individually And as Personal Representative Of the Estate of WARD ROBBINS, Deceased, <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>AIR & LIQUID SYSTEMS CORPORATION, Individually and as successor by merger to BUFFALO PUMPS, INC., et al. <br><br>　　　　　Defendants. | ) <br> ) <br> ) <br> ) <br> ) CASE NO: 8:23-cv-01723 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

Plaintiff, through the undersigned counsel, hereby makes the following initial disclosures as required by Federal Rules of Civil Procedure 26(a)(1) as follows:

I. **Individuals Likely to Have Discoverable Information That May Be Used to Support Plaintiff's Claims.**

　　A. Individuals Associated with Plaintiff

　　　　i. Ashley Robbins
　　　　　2484 Broad Street Road
　　　　　Gum Spring, VA 23065
　　　　　Daughter of Plaintiff-Decedent and Personal Representative of his Estate.

　　　　　Any additional damages and/or product identification witnesses will be supplemented at a later date.

　　B. Individuals associated with Defendant.

      i. Any and all yet to be disclosed Corporate Representatives named by each Defendant for 30(b)(6) depositions.
      ii. Any and all yet to be disclosed experts named by each Defendant.

C. Third Party Witnesses

      i. **Treating Physicians**. Any and all of Plaintiff-Decedent's treating physicians.
      ii. **Records Custodians**. Any and all records custodians as may be necessary for foundational purposes for introducing medical, employment, or other records.
      iii. **Expert Witnesses**. All Plaintiff's expert witnesses as previously disclosed in accordance with the Court's Scheduling/Discovery Plan in this case.
      iv. **Additional Potential Witnesses**. Plaintiff reserves the right to identify additional witnesses and/or categories of witnesses as they become known in the course of discovery. Plaintiff reserves the right to call additional witnesses who may become known to it before the time of trial, and further reserves the right to substitute witnesses for those witnesses herein who may be unavailable at the time of trial; Plaintiff reserves the right to call other witnesses as may become necessary for purposes of impeachment or rebuttal. In addition to the foregoing, Plaintiff reserves the right to identify and call any fact witnesses or expert witnesses disclosed by any other party, and to call any witness as necessary for the purpose of rebuttal and/or impeachment.

Any additional third-party witnesses will be supplemented at a later date. Plaintiff reserves the right to supplement this list when, and if, additional individuals with knowledge become known, pursuant to Fed. R. Civ. P. 26.

II. **Documents in Possession or Control of Plaintiff and Related to Plaintiff's Claims**.

A. Navy and equipment records from USS *Snowden* (DE-246), USS *Clamagore* (SS-343), and USS *Ethan Allen* (SSBN-608);
B. Any and all of Ward Robbins' medical records in our possession;
C. Any and all answers to Interrogatories provided by Defendants;
D. Any and all Responses to Request for Admissions provided by Defendants;
E. Plaintiff references any and all documents produced or to be produced by Defendant;
F. Other than documents already produced, Plaintiff is providing, or has provided, medical authorizations as per Defendants' requests;
G. Each and every item, object, exhibit, photograph, video, demonstrative aid, or document produced, including but not limited to discovery responses, by any party

      to this case including parties that have settled and/or have been dismissed prior to trial, as deemed necessary by Plaintiff;

H. Report of any industrial hygienist, epidemiologist, safety professional, historian, economist, or other expert witness for any party or parties to this litigation;
I. Any studies, reports, articles, texts, or other such materials relied on by any of Plaintiff's expert witnesses in reaching the conclusions and opinions to which they will testify;
J. Any or all depositions of any expert witness for any party or parties to this litigation, and exhibits thereto;
K. Any and all depositions of any corporate witness or company designee of any party or any employer or job site of Plaintiff, and exhibits thereto;
L. Any photographs, maps, information, or promotional materials relating to job sites or facilities/plants where Plaintiff worked;
M. Social security records pertaining to Plaintiff;
N. State and federal income tax returns of Plaintiff;
O. Demonstrative evidence including, but not limited to, charts, graphs, illustrations, or enlargements of any relevant photographs, documents, records, reports, or other exhibit enumerated herein, or except or portion thereof;
P. Relevant medical and/or anatomical illustrations or models;
Q. Relevant cancer studies;
R. Any and all exhibits identified by other parties to this litigation;
S. Documents related to Plaintiff's military service;
T. Expert witness resumes or curricula vitae;
U. Any and all documents prepared by or relied upon by any expert witness endorsed by any of the parties to testify in this action;
V. All documents or categories of documents listed in any Defendant's Initial disclosures;
W. All documents obtained during the course of discovery or through further investigation of the facts and circumstances of this case;
X. Discovery continues, and subsequent relevant documents that may be produced by Plaintiff, Defendant, or both; and
Y. Plaintiff requests copies of any and all relevant documents or medical records Defendant has in its possession or has obtained by subpoena/authorization/voluntary production.

    All of the aforesaid documents are located on the Vinson law, P.A. cloud drive.

### III. Computation of Damages Claimed by Plaintiffs

A. Plaintiff is personally claiming damages for the following:
   i. Pre-Death Pain & Suffering
   ii. Pre-Death Loss of Consortium
   iii. Post-Death Loss of Consortium
   iv. Wrongful Death
   v. Past medical expenses

B. Total approximate damage amount is unknown at this time. Plaintiff reserves the right to supplement these initial disclosures under Federal Rules of Civil Procedure 26(e).

IV. **Insurance Agreements Which May Satisfy Part of Judgment**

None in Plaintiff's possession. Plaintiff is not being sued. See Defendant's responses for insurance applicable for Defendant.

This disclosure is based upon information in Plaintiff's possession at the time of the preparation of this disclosure. Discovery is ongoing and will continue as long as permitted by applicable rules, statute, stipulation by the parties, or as indicated by the Court. Plaintiff therefore specifically reserves the right to introduce evidence from any source that may hereafter be discovered as well as testimony from any witness whose identity may hereafter be discovered. Further, Plaintiff hereby reserves the right to amend these disclosures so as to permit the insertion of additional and newly discovered information.

Respectfully submitted,

*/s/ Nicholas Larkins*
NICHOLAS LARKINS
Florida Bar No. 1048492
nlarkins@vinsonlawoffice.com
VINSON LAW, P.A.
5505 West Grey St.
Tampa, FL 33609
Phone: (813)839-5708

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of May, 2024, a true and correct copy of the foregoing was served on all counsel of record via electronic mail.

*/s/ Nicholas Larkins*
Nicholas Larkins, Esq.