IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

Case No.: 8:23-cv-01723-KKM-AAS

ASHLEY ROBBINS, Individually and as
Personal Representative of the Estate of
WARD ROBBINS, Deceased,

       Plaintiff,

vs.

AIR & LIQUID SYSTEMS CORPORATION,
    individually and as successor by merger
    to BUFFALO PUMPS, INC.;
ALFA LAVAL INC., individually and as successor
    in interest to DELAVAL SEPARATOR COMPANY and
    SHARPLES CORP.;
CLEAVER-BROOKS INC., f/k/a CLEAVER-BROOKS,
    a division of AQUA-CHEM INC.;
DCO LLC f/k/a DANA COMPANIES, individually and
    as successor in interest to VICTOR GASKET
    MANUFACTURING COMPANY;
FOSTER WHEELER ENERGY CORPORATION;
GENERAL ELECTRIC COMPANY;
GRINNELL, LLC, d/b/a GRINNELL CORPORATION;
PARAMOUNT GLOBAL, f/k/a VIACOMCBS INC.,
    f/k/a CBS CORPORATION, f/k/a VIACOM, INC.,
    successor by merger to CBS CORP., f/k/a
    WESTINGHOUSE ELECTRIC CORPORATION,
    individually and as successor in interest to
    BF STURTEVANT CO.; and
REDCO CORPORATION, f/k/a CRANE CO.,
    individually and as successor in interest to
    DEMING PUMP CO., COCHRANE
    CORPORATION, CHAPMAN VALVE CO.,
    NATIONAL-US RADIATOR CORP., SWARTWOUT
    CO., and STEEL BOILER CORPORATION,

Defendants.

_____/

# DEFENDANTS' UNOPPOSED MOTION TO EXTEND DEADLINE FOR DEFENDANTS' EXPERT WITNESS DISCLOSURE

Defendants, General Electric Company, Redco Corp., Air & Liquid Systems Corporation, Cleaver-Brooks, Inc., and Grinnell LLC, (collectively, "Defendants"), by and through their undersigned counsel, respectfully request that this Court enter an Order extending the deadline for Defendants to make their expert witness disclosures, and in support thereof, state as follows:

## Procedural History

1. This is a products liability action in which Plaintiff alleges that Mr. Robbins was exposed to asbestos-containing products of Defendants while he was in the U.S. Navy and as a result, he developed lung cancer and subsequently died.

2. On May 7, 2024, this Court entered its Case Management and Scheduling Order [D.E. 76], pursuant to a Uniform Case Management Report submitted by the parties on April 22, 2024 [D.E. 59]. Per the Case Management and Scheduling Order, the deadline for Defendants' expert witness disclosures is December 13, 2024.

3. Defendants, however, require additional time to disclose their expert witnesses, despite their diligent efforts to do so by the current deadline, and respectfully request an extension of time until January 13, 2025.

4. Other than the deadline for rebuttal expert witness disclosures, which is currently January 3, 2025 [D.E. 76], no other deadlines in the Case Management and Scheduling Order will be affected. Moreover, the trial of this matter is not until November 2025 [D.E. 76].

4. Plaintiff does not oppose Defendants' request.

**Memorandum of Law**

Rule 16(b)(4) of the Federal Rules of Civil Procedure permits modification of a scheduling order for good cause. Specifically, this rule provides that a scheduling order "may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). *See also AFI Holdings of Illinois, LLC v. Waterman Broad*, No. 2:17-cv-491-FtM-99CM, 2018 U.S. Dist. LEXIS 152749, at *5 (M.D. Fla. Sept. 7, 2018).

Good cause is established where a party demonstrates that despite its diligence, it cannot meet the schedule in the scheduling order. *See Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998). A court has broad discretion in determining whether a party has satisfied the "good cause" standard under Rule 16(b). *See generally, Perez v. Miami-Dade County*, 297 F. 3d 1255, 1263, at n. 21 (11th Cir. 2002). Moreover, district courts have broad discretion when managing their cases, including discovery and scheduling. *See Samson v. City of Naples*, No. 2:18-cv-274-FtM-99CM, 2018 U.S. Dist. LEXIS 200260, at *1 (M.D. Fla. Nov. 27, 2018),

*citing Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001).

Here, Defendants have been diligent in their efforts to prepare their expert disclosures, but respectfully request a brief extension of time to finalize same. Plaintiff timely made her expert witness disclosure on November 15, 2024, which left Defendants only 28 days to make their disclosures. The Thanksgiving holidays reduced this period down to only 18 business days.

Plaintiff produced disclosures and reports for 4 experts that were accompanied by over 2,000 pages of reliance materials, including voluminous Navy records that Defendants did not previously have access to. There is simply too much material for Defendants' experts to review, digest, and report on before the current December 13, 2024 deadline expires.

The only deadline that would be affected if Defendants are given the requested extension of time is the deadline for the disclosure of rebuttal expert witnesses. Extending this deadline from January 3, 2025 to February 3, 2025 would eliminate any prejudice to Plaintiff. Moreover, granting Defendants' requested extension will not impact the judicial proceedings because the trial of this matter is not until November 2025 [D.E. 76]. *See, e.g., AFI Holdings of Illinois, LLC v. Waterman Broad*, supra (the court granted the plaintiff's opposed request for an additional 30 days to disclose expert reports finding good cause; the defendant

would not be prejudiced; and extending the expert disclosures would not affect any other deadlines).

As good cause exists, Defendants respectfully request that they be granted an extension until January 13, 2025 to provide their expert witness reports. *See Hart v. Allergan, Inc.*, No. 2:18-cv-353-FtM-29CM, 2018 U.S. Dist. LEXIS 134328, at *2 (M.D. Fla. Aug. 9, 2018) ("Here, Defendant seeks to extend the initial disclosures deadline in the CMSO (Doc. 27) to September 7, 2018. Doc. 28 at 1. Plaintiffs do not oppose the motion and Defendant notes that the parties previously agreed upon the September 7 deadline for initial disclosures. *Id.* Because the requested extension also will not affect any other deadlines in the CMSO, the Court finds good cause to extend the initial disclosures deadline to September 7, 2018.").

WHEREFORE, General Electric Company, Redco Corp., and Air & Liquid Systems Corporation, respectfully request that this Honorable Court enter an Order granting their Unopposed Motion to Extend Deadline for Defendants' Expert Witness Disclosure and extending the deadline to January 13, 2025, and extending the deadline for rebuttal expert witnesses until February 3, 2025.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Middle District of Florida Local Rule 3.01(g), the undersigned counsel for Defendant, General Electric Company, certifies that he conferred, in good faith, with Plaintiff's counsel via e-mail on December 10,

2024 regarding the relief requested in the instant motion and Plaintiff's counsel is in agreement with the relief requested.

Respectfully submitted,

| | |
|---|---|
| **COLLINGS LAW FIRM**<br>255 Alhambra Circle, Suite 800<br>Coral Gables, FL 33134<br>Telephone: (305) 249-1520<br><br>By: */s/ Christopher J. M. Collings*<br>CHRISTOPHER J.M COLLINGS<br>Florida Bar No. 184403<br>ccollings@collingslawfirm.com<br>pleadings@collingslawfirm.com<br>*Counsel for Defendant, Foster Wheeler Energy Corporation*<br><br><br>*/s/ Peter J. Melaragno*<br>Edward J. Briscoe<br>Fla. Bar No. 109691<br>E-Mail: ebriscoe@fowler-white.com<br>Peter J. Melaragno<br>Fla. Bar No. 174432<br>E-Mail: pmelaragno@fowler-white.com<br>**FOWLER WHITE BURNETT, P.A.**<br>1395 Brickell Avenue, 14th Floor<br>Miami, Florida 33131<br>Telephone: (305) 789-9200<br>*Counsel for Defendant, Air & Liquid Systems Corporation* | */s/ Kenn Brotman*<br>Kenn Brotman<br>Florida Bar No.: 0058726<br>Kenn.Brotman@klgates.com<br>RedcoFL@klgates.com<br>**K& L GATES LLP**<br>70 W. Madison Street<br>Suite 3300<br>Chicago, Illinois 60602<br>Tel: (312) 372-1121<br>Fax: (312) 827-8000<br><br>and<br><br>*/s/ Alejandra D. Gonzalez*<br>Alejandra D. Gonzalez<br>Florida Bar No.:1035938<br>Alejandra.Gonzalez@klgates.com<br>Litigation.Docketing@klgates.com<br>**K& L GATES LLP**<br>200 S. Biscayne Blvd., Suite 3900<br>Miami, Florida 33131<br>Tel.: (305) 539-3300<br>Fax: (305) 358-7095<br>*Attorneys for Defendant,*<br>*Redco Corp. (f/k/a Crane Co.)* |

| | |
|---|---|
| */s/ Stephanie Koutsodendris*<br>David Weese Marston Jr.<br>Florida Bar No. 111636<br>Stephanie Koutsodendris<br>Florida Bar No. 123583<br>**Morgan, Lewis & Bockius, LLP**<br>600 Brickell Avenue, Suite 1600<br>Miami, Florida 33131<br>Telephone: 305.415.3321<br>Facsimile: 305.415.3001<br>E-mail: stephanie.koutsodendris@morganlewis.com<br>*Counsel for Defendants, Cleaver-Brooks, Inc. and Grinnell LLC* | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 10, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court and served on all counsel of record via the CM/ECF filing system.

> By: */s/ Christopher J. M. Collings*
> CHRISTOPHER J.M. COLLINGS
> Florida Bar No. 184403